Laurel I. Handley (NV Bar # 9576)
Jory C. Garabedian (NV Bar # 10352)
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (702) 991-4636
Facsimile: (702) 685-6342
E-Mail: jgarabedian@aldridgepite.com

*Attorneys for Defendant:*
*Federal National Mortgage Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SPRINGLAND VILLAGE HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JENNIE M. PEARMAN, et al.,<br><br>Defendants.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>DWIGHT CARLSON AS TRUSTEE FOR PYRAMID TRIBE TR-116,<br><br>Defendant.<br><br>*And Related Counterclaims.* | Lead Case No. 3:16-CV-00423-MMD-WGC<br>Member Case No. 3:16-cv-00520-MMD-WGC<br><br><br><br><br><br>**STIPULATION AND ORDER TO REMAND LEAD INTERPLEADER CASE** |

Defendant in Lead Case FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") and Plaintiff in Lead Case SPRINGLAND VILLAGE HOMEOWNERS ASSOCIATION ("Springland") by and through their respective attorneys of record, hereby stipulate and agree to the remand of the Lead Interpleader Case as follows:

1. The Lead Case is an interpleader action originally filed in the Second Judicial District Court of Nevada (Washoe County) on May 11, 2016, which seeks to disburse proceeds

- 1 -

from an NRS 116 foreclosure sale of the real property located at 2402 Sunny Slope Drive, Unit 9, Sparks, Nevada 89434 (the "Property") occurring on or about January 22, 2016 (hereinafter the "Lead Interpleader Case").

2. Fannie Mae removed the Lead Interpleader Case to this Court on July 15, 2016 on the basis of Fannie Mae's charter and the Ninth Circuit decision in *Lightfoot v. Cendant Mortgage Corporation*, 769 F.3d 681, 682 (9th Cir. 2014). (*See* Lead Interpleader Case ECF No. 1).

3. On September 2, 2016, Fannie Mae filed a separate lawsuit captioned, *Federal National Mortgage Association v. Dwight Carlson as Trustee for Pyramid Tribe TR-116* which is Member Case No. 3:16-cv-00520-MMD-WGC (the "Member Title Case").

4. The Member Title Case was an action for declaratory relief and quiet title against Dwight Carlson as Trustee for Pyramid Tribe TR-116 ("Pyramid Tribe") seeking to declare Fannie Mae's first Deed of Trust as a valid remaining encumbrance on the Property. Pyramid Tribe was the purchaser of the Property at the same NRS 116 foreclosure sale at issue in the Lead Interpleader Case. Fannie Mae alleged that this Court had subject matter jurisdiction based on federal question jurisdiction arising under 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") and based on diversity jurisdiction. (*See* Member Title Case ECF No. 1).

5. On September 7, 2016, Fannie Mae filed a Notice of Related case in both the Member Title Case (ECF No. 4) and the Lead Interpleader Case (ECF No. 11) wherein Fannie Mae stated that it would be desirable for the same district judge and magistrate judge to preside over both actions to ensure a coordinated timing and sequence of adjudicating title issues in the Member Title Case and the ultimate disbursement of proceeds from the same NRS 116 foreclosure sale in the Lead Interpleader Case.

6. On October 3, 2016, the Court entered a Reassignment Order wherein the Member Title Case was assigned to the same district judge and magistrate judge. (*See* Member Title Case ECF No. 8).

7. On January 20, 2017, the Court entered an Order in the Lead Interpleader Case requesting that Fannie Mae show cause why the Lead Interpleader Case should not be remanded

for lack of jurisdiction because of the U.S. Supreme Court's overturning of the Ninth Circuit decision in *Lightfoot*. (*See* Lead Interpleader Case ECF No. 24).

8. On February 6, 2017, Fannie Mae filed a Response to Order conceding that the Lead Interpleader Case should be remanded. However, Fannie Mae asserted in the Response that the Court maintained subject matter jurisdiction over the Member Title Case under the non-merger rule and specifically because the Court had both federal question jurisdiction and diversity jurisdiction over the Member Title Case. (*See* Lead InterpleaderCase ECF No. 25, citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 n.1 (9th Cir. 1987); *Cella v. Togum*, 173 F.3d 909, 912 (3rd Cir. 1999) (holding the district court erred in remanding both consolidated cases when it had diversity jurisdiction over one of them)).

9. No subsequent order was issued remanding the Lead Interpleader Case back to state court.

10. On July 17, 2017, Fannie Mae filed the same Motion for Summary Judgment in both the Lead Interpleader Case (ECF No. 28) and the Member Title Case (ECF No. 17) solely on the basis that 12 U.S.C. § 4617(j)(3) protected Fannie Mae's Deed of Trust from being extinguished by the NRS 116 foreclosure sale.

11. The Motion for Summary Judgment requested that Fannie Mae's request for quiet title or declaratory relief be granted insofar as any interest in the Property of Member Title Case Defendant Pyramid Tribe is subject to Fannie Mae's Deed of Trust pursuant to the Federal Foreclosure Bar. However, the Motion for Summary Judgment did not address or contain a proposed distribution of the proceeds from the NRS 116 foreclosure sale.

12. On January 5, 2018, the Court entered an Order consolidating the Lead Interpleader Case and the Member Title Case. (*See* Lead Interpleader Case ECF No. 33).

13. Following consolidation, on January 10, 2018, the Court entered an Order, and subsequent Judgment, granting Fannie Mae's Motion for Summary Judgment finding that the Federal Foreclosure Bar protected Fannie Mae's Deed of Trust from extinguishment and that Fannie Mae's Deed of Trust continues to encumber the Property. However, the Order did not

contain a decree or declaration as to how the proceeds from the NRS 116 foreclosure sale should be distributed. (*See* Lead Interpleader Case ECF No. 34, 35).

14. On June 20, 2018, the Court entered an Order granting Fannie Mae and Springland's Stipulation to Re-Open Lead Interpleader Case. (*See* Lead Case ECF No. 37). The Order further directed Fannie Mae and Springland to submit a further stipulation or status report as to how the Lead Interpleader should proceed. (*See id.*).

15. Based upon the foregoing, Fannie Mae and Springland stipulate and agree that the Lead Interpleader Case should be remanded back to the Second Judicial District Court of Nevada in and for Washoe County for further proceedings as to the interpleader and/or distribution of the surplus proceeds from the NRS 116 foreclosure sale at issue in this case.

16. This Stipulation shall not impact or affect this Court's Order (Lead Interpleader Case ECF No. 34) and/or Judgment (Lead Interpleader Case ECF No. 35). Fannie Mae maintains that the Court has separate subject matter jurisdiction over the Member Title Case under both diversity jurisdiction and federal question jurisdiction.

17. Fannie Mae and Springland further stipulate and agree to bear their own fees and costs of suit as to each other upon remand of the Lead Interpleader Case, however, this stipulation and agreement shall not prejudice or affect Springland's right to recover the entirety of its fees and costs from the surplus proceeds as may be permitted under Nevada law.

**IT IS SO STIPULATED AND AGREED.**

DATED this 19th day of July, 2018.

| ALDRIDGE PITE, LLP | KERN & ASSOCIATES, LTD. |
|---|---|
| /s/ *Jory C. Garabedian* | /s/ *Karen M. Ayarbe* |
| Jory C. Garabedian<br>Nevada Bar No. 10352<br>*Attorney for Defendant*<br>*Federal National Mortgage Association* | Karen M. Ayarbe<br>Nevada Bar No. 3358<br>*Attorney for Plaintiff*<br>*Springland Village Homeowners Association* |

## ORDER

Based upon the foregoing Stipulation between Fannie Mae and Springland, and good cause appearing:

1. The Lead Interpleader Case shall be remanded back to the Second Judicial District Court of Nevada in and for Washoe County for further proceedings as to the interpleader and/or distribution of surplus proceeds from the NRS 116 foreclosure sale at issue in this case;

2. The Order (Lead Interpleader Case ECF No. 34), and subsequent Judgment (Lead Interpleader Case ECF No. 35), granting Fannie Mae's Motion for Summary Judgment shall not be impacted or affected by the parties' Stipulation and/or this Order to remand; ; and

3. Fannie Mae and Springland shall bear their own fees and costs of suit as to each other upon remand of the Lead Interpleader Case, however, this Stipulation and Order shall not prejudice or affect Springland's right to recover the entirety of its fees and costs from the surplus proceeds as may be permitted under Nevada law.

IT IS SO ORDERED.

_____
DISTRICT COURT JUDGE

Dated: July 23, 2018